1  Daniel G. Shay (State Bar No. 250548)
2  DanielShay@TCPAFDCPA.com
   **LAW OFFICE OF DANIEL G. SHAY**
3  409 Camino Del Rio South, Suite 101B
4  San Diego, CA  92108
   Telephone: (619) 222-7429
5  Facsimile:  (866) 431-3292

6
   *Attorney for Plaintiff*
7  *Kelissa Ronquillo*

8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| KELISSA RONQUILLO, | CASE NO. '17CV0029 GPC NLS |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| vs. | THE FAIR CREDIT REPORTING ACT |
| | THE CONSUMER CREDIT REPORTING AGENCIES ACT |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC & LOBEL FINANCIAL CORPORATION, | THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| | JURY TRIAL DEMANDED |
| Defendants. | |

1

Complaint for Damages

# INTRODUCTION

1. Kelissa Ronquillo ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Experian Information Solutions, Inc., Equifax Information Services, LLC, TransUnion, LLC and Lobel Financial Corporation (collectively "Defendants"), for willfully violating consumer protection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2. Jurisdiction of this court is proper for violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("FCRA"), the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.1 et seq ("CCRAA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq ("RFDCPA") pursuant to Cal. Code of Civ. Pro. § 410.10 *et seq.*

# JURISDICTION & VENUE

3. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

4. Supplemental jurisdiction exists for violations of the CCRAA and RFDCPA pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

6. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendants transact business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the

Complaint for Damages

events giving rise to Plaintiff's causes of action against Defendants occurred within this judicial district.

## PARTIES & DEFINITIONS

7. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and Cal. Civ. Code § 1785.3(b) of the CCRAA. Plaintiff is also a "person" under Cal. Civ. Code § 1788.2(g) and a "debtor" under Cal. Civ. Code § 1788.2(h) of the RFDCPA.

8. Plaintiff is informed and believes, and thereon alleges, that Experian Information Solutions, Inc. ("Experian") is, and at all times mentioned herein was, a corporation registered in the state of Ohio with its principal place of business located in the state of California. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district.

9. Plaintiff is informed and believes, and thereon alleges, that Equifax Information Services, LLC ("Equifax") is, and at all times mentioned herein was, a limited liability company registered in Georgia with its principal place of business located in Georgia. Plaintiff alleges that at all times relevant herein Equifax conducted business in the State of California, in the County of San Diego, within this judicial district.

10. Plaintiff is informed and believes, and thereon alleges, that Trans Union, LLC ("TransUnion") is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Illinois. Plaintiff alleges that at all times relevant herein TransUnion conducted business in the State of California, in the County of San Diego, within this judicial district.

///

11. Plaintiff is informed and believes, and thereon alleges, that Lobel Financial Corporation ("Lobel") is, and at all times mentioned herein was, a corporation registered in California with its principal place of business located in California. Plaintiff alleges that at all times relevant herein Lobel conducted business in the State of California, in the County of San Diego, within this judicial district.

12. Because Plaintiff is natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of Cal. Civ. Code § 1788.2(f) of the RFDCPA.

13. The causes of action herein pertain to Plaintiff's "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Cal. Civ. Code § 1785.3(c) of the CCRAA, in that inaccurate misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

14. Defendants are each a partnership, corporation, association, or other entity, and are therefore each is a "person" as defined by Cal. Civ. Code § 1785.3(j) of the CCRAA.

**FACTUAL ALLEGATIONS AND ARGUMENTS**

**Experian, Equifax & TransUnion
Failed to Disclose the True Source of the Public Records Information
They Gathered and Reported About Plaintiff**

15. Experian, Equifax and TransUnion are FCRA-governed "consumer reporting agencies" that selectively decide which information to provide to consumers that request the FCRA-governed information in Experian, Equifax and TransUnion's

4

Complaint for Damages

possession and which information it will hide from consumers. They withhold certain information in order to minimize their compliance costs and to avoid customer service inquiries directed at them and their business partners. These business partners include LexisNexis, a third party that sells public record information to Experian, Equifax and TransUnion and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

16. Experian, Equifax and TransUnion systemically misrepresent to consumers the source of the public record information that it places on their consumer reports, in violation of 15 U.S.C. § 168lg(a)(2). Experian, Equifax and TransUnion thus deprive consumers of valuable congressionally-mandated information and make it more difficult for consumers, such as Plaintiff, to correct errors relating to these public records that are caused by Experian, Equifax and TransUnion and/or their private vendor sources that Experian, Equifax and TransUnion often misidentify as their "source".

17. On or around September 15, 2016, Plaintiff checked her Experian credit report and the Public Record section listed the source of Plaintiff's bankruptcy information as the U.S. Bankruptcy Court of San Diego, rather than LexisNexis, the actual source of the information.

18. On or around September 15, 2016, Plaintiff checked her Equifax credit report and the Public Record section listed the source of Plaintiff's bankruptcy information as the U.S. Bankruptcy Court of San Diego, rather than LexisNexis, the actual source of the information.

19. On or around September 15, 2016, Plaintiff checked her TransUnion credit report and the Public Record section listed the source of Plaintiff's bankruptcy information as the U.S. Bankruptcy Court of San Diego, rather than LexisNexis, the actual source of the information.

///

///

Complaint for Damages

20. Experian, Equifax and TransUnion never identified LexisNexis as the source of the public record information that makes its way into the consumer credit files that it sells, or any of the other less publicized marketing or risk assessment databases that they maintain.

21. TransUnion reported another incorrect source of information on a different public record relating to Plaintiff's San Diego Kearny Mesa Municipal Court case. This public record was deleted by TransUnion following Plaintiff's Dispute. But this occurred after TransUnion reported the wrong source of the information on that case for years.

22. Plaintiff formally disputed the incorrect source of bankruptcy public information on her Experian, Equifax and TransUnion credit reports.

23. The FCRA unambiguously requires credit-reporting agencies, such as Experian, Equifax and TransUnion, to "clearly and accurately disclose to the consumer" who requests his or her credit file "the sources" that supplied any "information" to the credit-reporting agency about that consumer pursuant to 15 U.S.C. § 1681g(a)(2).

## Experian & TransUnion
### Incorrectly Reported the True Source of the Public Records Information Following Disputes

24. On December 5, 2016, Plaintiff filed separate formal disputes ("Disputes") with Experian and TransUnion concerning the incorrect source of the bankruptcy public record information.

25. On December 8, 2016, Experian completed the investigation of the Dispute but did not update the source of the public records information on Plaintiff's credit report.

26. On December 8, 2016, TransUnion completed the investigation of the Dispute but did not update the source of the bankruptcy public records information on Plaintiff's credit report.

27. Plaintiff's Experian and TransUnion credit reports still showed the source of Plaintiff's bankruptcy information as the U.S. Bankruptcy Court of San Diego.

28. Experian and TransUnion failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his written dispute and failed to employ and follow reasonable procedures to prevent such inaccurate reporting or ensure maximum possible accuracy.

## Equifax
## Failed to Update Reporting of Lobel Monthly Balances
## Following Dispute

29. On December 6, 2016, Plaintiff filed a Dispute with Equifax because Equifax was reporting her Lobel balance increasing over $800 in one month by going from $5,027 in June of 2016 to $5,888 in July of 2016 which is inaccurate.

30. Plaintiff also Disputed Equifax showing the balance going from $5,888 from July of 2016 to $6,238 in August of 2016 which is also no correct.

31. Plaintiff considers these multiple violations because each entry is a separate inaccuracy that was not corrected following Dispute.

## Applicable Code Sections of FCRA & CCRAA
## For Credit Reporting Agencies

32. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Experian, Equifax and TransUnion, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the FCRA:

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the

disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(a)(5)(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

33. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Experian, Equifax and TransUnion, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

(a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates

Complaint for Damages

34. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Experian, Equifax and TransUnion, pursuant to Cal. Civ. Code § 1785.16 of the CCRAA:

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.
>
> (b) In conducting that reinvestigation the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has

determined that the consumer's dispute is frivolous or irrelevant. If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file.

**Lobel**
**Reported Inaccurate Balances on Plaintiff's Credit Reports**
**And Sent Plaintiff an Unlawful Debt Collection Letter**

35. On or around September 15, 2016, Plaintiff checked her Experian credit report and Lobel reported an inaccurate balance of $6,238 rather than the true balance of $3,809.

36. On or around September 15, 2016, Plaintiff checked her Equifax credit report and Lobel reported an inaccurate balance of $6,238 rather than the true balance of $3,809.

37. On or around September 15, 2016, Plaintiff checked her TransUnion credit report and Lobel reported an inaccurate balance of $6,238 rather than the true balance of $3,809.

38. On December 5, 2016, Plaintiff filed Disputes with Experian, Equifax and TransUnion concerning the incorrect balance associated with Plaintiff's Lobel account that appeared on each credit report.

39. On December 8, 2016, Experian and TransUnion completed the investigation of the Disputes and deleted or suppressed the Lobel entry. Equifax corrected the balance to show $3,809, highlighting the prior inaccuracy reported by Lobel.

40. Lobel also reported Plaintiff's balance increasing over $800 in one month by going from $5,027 in June of 2016 to $5,888 in July of 2016 which is inaccurate. Lobel then reported the balance going from $5,888 from July of 2016 to $6,238 in August of 2016 which is wrong. These incorrect monthly balances were deleted or suppressed by Experian and TransUnion following

Disputes, but not with Equifax. Lobel continues the false reporting with Equifax.

41. Plaintiff considers these multiple violations because each entry is a separate inaccuracy.

42. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Lobel, pursuant to Cal. Civ. Code § 1785.25(a):

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

43. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Lobel, pursuant to Cal. Civ. Code § 1785.25(b):

> A furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

44. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Lobel, pursuant to 15 U.S.C. §§ 1692e as required by Cal. Civ. Code § 1788.17:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. On November 9, 2016 Lobel sent Plaintiff a debt collection letter saying "you are seriously past due" but the letter did not give a balance or a minimum payment amount. The letter was misleading because it attempted to induce Plaintiff to pay far more than what was owed similar to the inaccurate reporting.

///

Case 3:17-cv-00029-GPC-WVG   Document 1   Filed 01/06/17   PageID.12   Page 12 of 18

## CAUSES OF ACTION

### Fair Credit Reporting Act
### 15 U.S.C. § 1681 et seq.
### (As to Experian, Equifax & TransUnion)

46. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

48. As credit reporting agencies, Experian, Equifax and TransUnion are required to comply with 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A), 1681e(a)&(b) and 1681g(a)(2) of the FCRA.

49. Experian, Equifax and TransUnion violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources that supplied any information to the credit-reporting agency about Plaintiff.

50. Experian and TransUnion violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA. Plaintiff lodged a written dispute with it in December 2016 and Experian and TransUnion failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failing to correct or delete the information, failing to consider all relevant information supplied by Plaintiff in her dispute and failing to employ and follow reasonable procedures to prevent such inaccurate reporting.

51. Equifax violated 15 U.S.C. §§ 1681i(a)(1)(A)&(a)(5)(A) of the FCRA. Plaintiff lodged a written dispute with it in December 2016 regarding incorrect Lobel monthly balances and Equifax failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in her dispute and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

12

Complaint for Damages

52. Plaintiff is informed and believes that Experian, Equifax and TransUnion violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff complained.

53. As a result of each and every violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

54. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of $1,000.00 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**Consumer Credit Reporting Agencies Act**
**Cal. Civ. Code § 1785.16**
**(As to Equifax, Experian & TransUnion)**

55. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

56. As credit reporting agencies, Experian Equifax and TransUnion are required to comply with Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA.

57. Plaintiff is informed and believes that Experian Equifax and TransUnion violated Cal. Civ. Code § 1785.16(a)-(b) of the CCRAA after Plaintiff lodged written disputes with them in December of 2016 but they failed to conduct reasonable investigations into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in the disputes, failed to employ and follow reasonable procedures to prevent such inaccurate reporting and maintained the very inaccurate information about which Plaintiff complained.

///

///

58. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees and injunctive relief in an amount of $5,000.00 for each violation, for each month of reporting from each plaintiff as the Court deems proper.

**Fair Credit Reporting Act
15 U.S.C. § 1681 et seq.
(As to Lobel)**

59. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

61. Lobel violated the FCRA by engaging in the following conduct that violated 15 U.S.C. §1681s-2(b):

　　a. Willfully continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

　　b. Willfully failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

62. Lobel failed to conduct a reasonable investigation into the written dispute with Equifax, failed to correct or delete the inaccurate monthly balances, failed to consider all relevant information supplied by Plaintiff in the dispute and failed to employ and follow reasonable procedures to prevent such inaccurate reporting, as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E).  As of January 2017, Plaintiff's Equifax credit report still reflects the inaccurate monthly balances that was the subject of the dispute.

63. Lobel also failed to update the derogatory information with the notation that the entries are "in dispute" as required by 15 U.S.C. § 1681s-2(b)(1)(A) and

1  *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, after the Equifax dispute.

64. As a result of each and every violation of the FCRA, Plaintiffs are entitled to actual damages or damages of $1,000.00 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**Consumer Credit Reporting Agencies Act**
**Cal. Civ. Code § 1785.25**
**(As to Lobel)**

65. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

66. As a furnisher of information, Lobel is required to comply with Cal. Civ. Code § 1785.25.

67. Lobel furnished information to Experian, Equifax and TransUnion on a specific transaction or experience where Lobel knew or should have known the information was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

68. Lobel's determination that the incorrect information they furnished to Experian, Equifax and TransUnion was accurate or complete constitutes a violation of Cal. Civ. Code § 1785.25(b).

69. Lobel willfully furnished information to multiple credit reporting agencies that Lobel knew or should have known was inaccurate.

70. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000.00 from Lobel for each month of inaccurate reporting, for each agency, actual damages, attorney's fees and injunctive relief.

///

///

Complaint for Damages

**Rosenthal Fair Debt Collection Practices Act**
**Cal. Civ. Code §1788 et seq.**
**(As to Lobel)**

71. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

72. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

73. Lobel attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

74. Lobel often engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c)

75. Lobel used false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Cal. Civ. Code § 1788.17 regarding 15 U.S.C. §§ 1692e.

76. As a direct proximate result of Lobel's conduct, Plaintiff suffered actual damages and other harm, thereby entitling him to seek statutory damages in the amount of $1,000.00, actual damages and reasonable attorney fees and costs from each Defendant under Cal. Civ. Code §1788.30.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**Violations of the FCRA**
**(Experian, Equifax, TransUnion & Lobel)**

77. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

78. Statutory damages of $1,000.00 per violation, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);

79. Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

///

80. Injunctive relief to command Experian, Equifax, TransUnion and Lobel to correct the information furnished on Plaintiff's credit reports and prohibit them from engaging in future violations;
81. Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
82. Any other relief the Court may deem just and proper including interest.

### Violations of the CCRAA
### (Experian, Equifax, TransUnion & Lobel)

83. Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
84. Statutory damages of $5,000.00 per violation, per month of reporting, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
85. Injunctive relief to command Experian, Equifax, TransUnion and Lobel to correct Plaintiff's credit reports and prohibit them from engaging in future violations of Cal. Civ. Code § 1785.16 and Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);
86. Attorney fees and costs to maintain the instant action, pursuant to Cal. Civ. Code 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);
87. Any other relief the Court may deem just and proper including interest.

### Violations of the RFDCPA
### (Lobel)

88. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;
89. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32.
90. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;
91. Interest, punitive damages and any other relief the Court deems just and proper.

17
Complaint for Damages

**TRIAL BY JURY**

92. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.

Date: January 6, 2017

LAW OFFICE OF DANIEL G. SHAY

By: s/ Daniel G. Shay
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com

*Attorney for Plaintiff*
*Kelissa Ronquillo*

Complaint for Damages